(Reap. Dec. 10346)

UNITED CHINA & GLASS CO. *v.* UNITED STATES

Entry No. CE–1558.

(Decided October 3, 1962)

*Stein & Shostak* for the plaintiff.

*Joseph D. Guilfoyle*, Acting Assistant Attorney General, for the defendant.

JOHNSON, Judge: This appeal for reappraisement has been submitted upon the following stipulation of counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, as to the merchandise covered by the appeal for reappraisement enumerated in the attached Schedule of Cases, that, on the dates of exportation thereof to the United States, the market value or the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, were the invoice unit values net, packed.

IT IS FURTHER STIPULATED AND AGREED that as to any of the merchandise covered by the appeal for reappraisement enumerated in the attached Schedule of Cases which is included in the list of articles designated by the Secretary of the Treasury in T.D. 54521, as provided for in Section 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress, which is subject to appraisement under Sec. 402 of the Tariff Act of 1930 as amended by the Customs Administrative Act of 1938, that there were no higher foreign values for such or similar merchandise on the dates of exportation involved herein.

IT IS FURTHER STIPULATED AND AGREED that the appeal for reappraisement enumerated in the attached Schedule of Cases may be deemed submitted for decision on the foregoing stipulation.

It appears that all of the merchandise covered by this appeal was imported subsequent to the effective date of the Customs Simplification Act of 1956, 70 Stat. 943, and the final list issued pursuant thereto in 93 Treas. Dec. 14, T.D. 54521. Some of the articles may be included in the said final list and some may not. The former are subject to appraisement under section 402a(d) of said Customs Simplification Act of 1956 and the latter under section 402(b) of said act. It has been stipulated, however, that export value is the proper basis of appraisement of all the articles involved herein and that there is no higher foreign value for any of them.

On the record presented, I find that export value, as that value is defined in section 402(b) or section 402a(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 70 Stat. 943, is the proper basis for the determination of the values of the articles involved herein and that such values are the invoice unit values, net, packed.

Judgment will be rendered accordingly.